[Civ. No. 2252. Second Appellate District.—May 31, 1918.]

## R. D. VANDELINDER, Respondent, v. ANDREW J. ROBERTS et al., Appellants.

APPEAL—QUESTION OF FACT.—Appellate courts are not permitted to disturb a judgment where the determination of the facts is the issue presented, except where the evidence to the point is all one way, when the question becomes one of law as to what judgment is indicated therefrom.

ACTION ON PROMISSORY NOTE—EVIDENCE—MANNER OF PAYMENT—LETTER OF THIRD PARTY INADMISSIBLE.—In an action on a note indorsed and transferred to plaintiff by defendant in consideration of the transfer to the latter of an option to purchase real property owned by plaintiff and a third party, a letter written by such third party to defendant stating that the note was to be paid from the sale of stock of a corporation to be organized for the disposal of the property was not admissible as against plaintiff, the note being plaintiff's property.

APPEAL from a judgment of the Superior Court of Los Angeles County. W. M. Conley, Judge Presiding.

The facts are stated in the opinion of the court.

Charles S. Darden, for Appellants.

Phil. M. Chandler, for Respondent.

JAMES, J.—Appeal is taken from a judgment in favor of the plaintiff for the principal sum of $750, the alleged debt being one represented by the promissory note of defendant Andrew J. Roberts, which note was indorsed by the second defendant to the plaintiff. It is alleged in the complaint that the plaintiff and H. L. Hutchinson, in August, 1913, were the owners of an option to purchase certain real property, and that this option was sold and transferred to defendant F. M. Roberts in consideration of the transfer to the plaintiff of the promissory note first mentioned. The defendants set up several defenses, the substance of which is that an arrangement was consummated between plaintiff Vandelinder and F. M. Roberts for the formation of a copartnership to handle the property described in the option agreement, and that the parties mentioned were to form a corporation for the disposal of the property and that a newspaper published by defendant F. M. Roberts was to advertise the land among the negro population. Further, that as a part of the consideration Hutchinson and Vandelinder were to pay debts of F. M. Roberts then existing against his newspaper plant in the sum of $750, which they did not do; and, further, that it was understood and agreed that the maker of the note here sued upon would not be required to pay the same in money.

The only contention made on behalf of appellants requiring consideration here is that the evidence was insufficient to support the findings and judgment of the court. Unfortunately for appellants, when we consider the transcript of the testimony, we are at once confronted with the fact that there was some substantial testimony to support all of the findings made by the trial judge. As the record reads on the printed page, it does appear that there was a great deal of evidence offered on behalf of defendants which tended strongly to support their defense. Statements made by Hutchinson in the pres-

ence of the defendants, before trial, were corroborative of defendants' claims. However, plaintiff Vandelinder testified positively and directly that he had originally paid five hundred dollars of his own money for the option; that Hutchinson had no real interest therein, and that there was no agreement or understanding waiving payment of the note or making the same conditional. He testified that the option contract was made and delivered to defendant F. M. Roberts. The question here is not whether we would have come to the same conclusion as the trial judge did upon the.evidence as it is shown in the transcript. Appellate courts are not permitted to disturb a judgment where the determination of the facts is the issue presented, except where the evidence to the point is all one way; the question then becomes one of law as to what judgment is indicated therefrom.

The point that the court erred in refusing to admit a letter signed by Hutchinson alone, which expressed the condition that out of stock to be issued by the corporation which was to be formed, $750 worth was to be sold to cover the note to the plaintiff, seems to be without merit. The note sued upon was admittedly indorsed to· plaintiff Vandelinder. It was his property; so that any statement made by Hutchinson to defendant F. M. Roberts could not bind the plaintiff. Furthermore, the statement made in this letter was not inconsistent with an understanding that Vandelinder should be paid the face of the note. It seems that the proposed corporation, in aid of which formation the efforts of F. M. Roberts were to be contributed, was never organized.

The judgment is affirmed.

Conrey, P. J., and Works, J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 29, 1918.